```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

CHARLES SCOTT, # 199675,          *
                                  *
    Plaintiff,                    *
                                  * CIVIL ACTION NO. 21-00249-KD-B
vs.                               *
                                  *
BRANDON MCKENZIE, *et al.*,       *
                                  *
    Defendants.                   *

## ORDER CONVERTING DEFENDANT BRANDON MCKENZIE'S AMENDED ANSWER AND AMENDED SPECIAL REPORT TO A MOTION FOR SUMMARY JUDGMENT AND TAKING THE MOTION FOR SUMMARY JUDGMENT UNDER SUBMISSION

This action is before the Court on the amended answer, amended special report, and accompanying exhibits filed by Defendant Brandon McKenzie. (Docs. 32, 33). After reviewing these documents, the Court has determined that Defendant McKenzie's amended answer, amended special report, and exhibits should be treated as a motion for summary judgment. It is therefore **ORDERED** that Defendant McKenzie's amended answer, amended special report, and exhibits are to be treated as a motion for summary judgment and are exempted from the requirements of S.D. Ala. CivLR 56. This exemption applies to this case alone. Accordingly, it is **ORDERED** that these documents, which are now to be treated as a motion for summary judgment, be submitted on the motion, the pleadings, and any other documents or other evidence the parties have already filed or which any party may wish to file on or before **June 2,**

2023.  The motion for summary judgment will be taken under submission on **June 3, 2023.**

Since Plaintiff Charles Scott is appearing *pro se*, he is advised out of a height of caution that the granting of this motion would represent a final adjudication of his claims against Defendant Brandon McKenzie in this action, which may foreclose subsequent litigation on this matter.  See <u>Somerville v. Hall</u>, 2 F.3d 1563, 1564 (11th Cir. 1993); <u>Brown v. Shinbaum</u>, 828 F.2d 707, 708 (11th Cir. 1987); <u>Griffith v. Wainwright</u>, 772 F.2d 822, 825 (11th Cir. 1985).

**<u>EXPLANATION OF RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>:**

The summary judgment procedure established in Federal Rule of Civil Procedure 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved. (There is attached hereto for your convenience a copy of Rule 56.)  Summary judgment goes to the merits of a claim and, if granted, will be a final decision on any claim to which it was applicable.  On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue that can be decided only after a trial.  Of course, a motion for summary judgment that is denied may be renewed at a later time if justified by the facts of the case.

A plaintiff in a lawsuit may not file a motion for summary judgment until at least twenty (20) days from the commencement of the action or until after the defendant has filed a motion for summary judgment, whichever comes first.  Either party may file his motion with, or without, supporting affidavits (written statements of facts sworn to and subscribed before a notary public).  A party against whom a motion for summary judgment is filed (or against whom the court has converted another pleading into a motion for summary judgment) is entitled to ten (10) days' notice before a hearing on the motion for summary judgment.  Note that many times the court will not conduct a formal hearing on the motion but will simply take the matter under advisement based upon

the motion and the opponent's response. In any event, the party against whom the motion is pending is entitled to at least ten (10) days' notice. Within the ten (10) day period, or such other time as set by the court, the party against whom the motion is pending may serve opposing affidavits. Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.

2) They must set forth facts, which would be admissible in evidence.

3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.

4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits, depositions, answers to interrogatories, admissions, or as otherwise provided in the rules. If a party against whom a motion for summary judgment is filed fails to respond, the materials filed by the moving party may be taken as true.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully explaining why such affidavits are unavailable and may request the court to consider his difficulty in disposing of the motion. If the court should find that any affidavit, either in support of or in opposition to a motion for summary judgment, was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party his reasonable expenses, including attorney fees, incurred because of the bad faith affidavit. In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

When the court has received the motion for summary judgment with its supporting documents and the response to the motion with its supporting documents, or *when the time for filing such response has expired*, it is required to "forthwith" render a judgment if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In order to ensure that this Court has all essential information needed for consideration of the summary judgment motion, the following is **ORDERED**:

(1) Plaintiff Scott is **ORDERED** to inform this Court in writing, by **June 2, 2023,** if he desires to continue the litigation of this action. Failure to respond by the specified date will be considered by the Court an abandonment of the prosecution of this case by Plaintiff Scott, and the motion for summary judgment will be treated as unopposed.

(2) Any party desiring to submit additional information or evidence in support of or in opposition to the motion for summary judgment must file such information or evidence with this Court on or before **June 2, 2023.** The Court will not consider this information or evidence unless it complies with Rule 56 as set forth above.

**DONE** this **17th** day of **April, 2023.**

            /s/ SONJA F. BIVINS            
**UNITED STATES MAGISTRATE JUDGE**