```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

CHARLES SCOTT, # 199675,       *
                               *
    Plaintiff,                 *
                               *
vs.                            *   CIVIL ACTION NO. 21-00249-KD-B
                               *
LT. MCKENZIE, *et al.*,        *
                               *
    Defendants.                *

## ORDER

The action is before the Court on Plaintiff Charles Scott's motion requesting the production of certain documents and video footage relating to the alleged February 26, 2020 inmate-on-inmate stabbing incident that is the subject of the instant action. (Doc. 41). Upon consideration of the instant motion and other relevant documents in the case file, Scott's motion is **GRANTED in part** and **DENIED in part**, as set forth below.

The motion reflects that Scott seeks the production of "the medical body chart" of his alleged attacker, inmate Robert Fitts, "within the time frame of February 26, 2020 or about[.]" (Id. at 1). The Court notes that Defendant Brandon McKenzie has submitted affidavits reflecting that the Alabama Department of Corrections ("ADOC") and its contracted healthcare provider have no record of inmate Fitts receiving medical attention, including a body chart, during the month of February 2020. (See Docs. 33-2, 33-5). In

light of these affidavits, the Court cannot order production of a document that Defendant has represented does not exist.

Scott also seeks "any disciplinary records" of inmate Fitts "within the time frame of February 26, 2020 or about" and "any incident report" in inmate Fitts' prison file relating to the subject incident. (Doc. 41 at 1). Defendant has filed an affidavit indicating that no such records were found during a search of ADOC's inmate record management system. (Doc. 33-2). However, out of an abundance of caution, the Court will direct Defendant to produce any incident report, duty officer report, investigative report, or disciplinary record for any incident involving Scott and/or inmate Robert Fitts during the month of February 2020.

Scott also requests "his own medical file" from Limestone Correctional Facility, including body charts, "from the time frame of April and May 2020." (Doc. 41 at 1). Although it is not clear, given the medical records Defendants have already produced, how records from April and May 2020 will shed light on injuries that Scott allegedly sustained in February 2020, the Court will, out of an abundance of caution, direct Defendant to produce Scott's medical records, including body charts, for the months of April and May 2020.

Scott further requests "a copy of the protocol Segregation

Manual that tracks the language of Maximum Security level inmates who are being housed in Maximum S[e]curity custody." (Id. at 1-2). As best the Court can discern, this request appears to relate to Scott's contention that Defendant McKenzie violated ADOC protocols by failing to handcuff segregation inmates (including inmate Fitts) when releasing them from their cells to use the telephone. (See Doc. 1 at 5). The Court notes that Defendants were previously informed that where the Plaintiff's claim involves or relates to the application of administrative rules, regulations, and guidelines, their special report was required to include certified copies of all such administrative rules, regulations, and guidelines. (See Doc. 15 at 3). However, no administrative rules, regulations, or guidelines were included in either of the special reports filed by Defendants in this action. (See Docs. 24, 33). Upon consideration, the Court will direct Defendant to produce any administrative rule, policy, regulation, or guideline in effect in February 2020 relating to the use of handcuffs on segregation inmates when releasing them from their cells to use the telephone.

Lastly, Scott seeks "a copy of the video that recorded and videoed the entire incident." (Doc. 41 at 2). While Defendant has represented that there is no evidence of the alleged incident involving Scott and Fitts (see Doc. 33), the Court will direct

Defendant to file a verified statement documenting that a search has been conducted and there is no video depicting a physical encounter between Scott and Fitts during February 2020.

Based on the foregoing, Defendant Brandon McKenzie is **ORDERED** to file and produce the following items to Plaintiff Scott no later than **May 31, 2023:**

1. Any and all incident reports, duty officer reports, investigative reports, or disciplinary records for any incident or event involving Plaintiff Charles Scott and/or inmate Robert Fitts during the month of February 2020;

2. Plaintiff Charles Scott's medical file, including body charts, for the months of April 2020 and May 2020; and

3. Copies of any and all administrative rules, policies, regulations, or guidelines in effect in February 2020 relating to the use of handcuffs on segregation inmates when releasing them from their cells to use the telephone; and

4. A statement verifying that a search for video depicting a physical encounter between Scott and Fitts has been conducted, and that no such video exists.

**ORDERED** this **17th** day of **May, 2023.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE