# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SCOTT, # 199675, | * |
| | * |
|     Plaintiff, | * |
| | * CIVIL ACTION NO. 21-00249-KD-B |
| vs. | * |
| | * |
| LT. MCKENZIE, *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Charles Scott, an Alabama prison inmate who is proceeding *pro se* and *in forma pauperis*, filed the instant action seeking relief under 42 U.S.C. § 1983. This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and it is now before the Court on Scott's "Motion for Default of Judgment Pursuant to F.R.Civ.P. Rule 55" (Doc. 37). After careful review, the undersigned recommends that the motion be **DENIED**.

### I.    BACKGROUND

In his motion, Scott seeks a default judgment against both Defendants Lieutenant Brandon McKenzie and Officer Nathan McQuirter for "breach[ing] this court's order to [refute his] allegations according to the time line asserted in his Amended Complaint as dated [February 26, 2020]." (Id. at 1). Scott asserts that Defendant McKenzie is still employed by the Alabama

Department of Corrections ("ADOC") and "could be reached by his Attorney within the time allotted in this Court's ORDER by January 13, 2023,[1] but has not complied[;] therefore, his first special report should be stricken as well as any untimely Special Report filed exceeding the time limit of January 13, 2023. [And c]ounsel has not filed for an extension of time in regards to defendant McKenzie[.]" (Id.). Scott maintains that Defendants had nearly two months to submit their amended answer and amended special report as directed by the Court, but they ignored the Court's order dated January 13, 2023. (Id. at 2).

The allegations in Scott's motion are not the model of clarity. Contrary to Scott's assertions, the docket does not reflect that an amended complaint was filed or that an order was entered on January 13, 2023. The docket instead reflects that after Defendants McQuirter and McKenzie filed their answer and special report (Docs. 23, 24), the Court noted that Scott's handwriting made it difficult to decipher whether the inmate-on-inmate stabbing incident referenced in his complaint occurred on February 20, 2020 or February 26, 2020, and it thus ordered Scott to answer an interrogatory clarifying the date of the alleged stabbing. (Doc. 26). After Scott provided February 26, 2020 as

---

[1] Defendant McKenzie's amended answer and amended special report were filed on January 13, 2023. (Docs. 32, 33).

the date of the alleged stabbing (Doc. 27), the Court directed Defendants to file an amended answer and separate amended special report expressly addressing the alleged February 26, 2020 stabbing incident. (Doc. 28). On January 13, 2023, an amended answer and amended special report were timely filed by Defendant McKenzie alone, as Defendant McQuirter is no longer employed by ADOC.[2] (Docs. 32, 33).

**II. DISCUSSION.**

"Entry of judgment by default is a drastic remedy which should be used only in extreme situations[.]" Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quotation omitted). A judgment of default is sparingly granted. Id. at 1316. "[T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Id. at 1317 (quotation omitted).

"[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th

---

[2] In January 2023, attorney Laura E. Howell of the Alabama Attorney General's office filed a motion requesting permission to withdraw as counsel for Defendant McQuirter. (Doc. 31). Ms. Howell advised that Defendant McQuirter is no longer employed ADOC, and that her repeated attempts to reach him had proven unsuccessful. (Id. at 1-2).

3

Cir. 2015) (per curiam) (quotation omitted). Thus, "[e]ntry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." Id. (quotation omitted). "A sufficient basis" for entry of judgment is like the basis needed to overcome a motion to dismiss for failure to state a claim. Id. That is, a court evaluating a motion to dismiss must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). This necessarily requires that a plaintiff include factual allegations for each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

Accordingly, the undersigned must assess whether Scott's complaint states a plausible claim against Defendant McQuirter. In the complaint, Scott alleges that Defendant McKenzie let inmate Robert Fitts out of his segregation cell to use the phone without handcuffing and searching him, which violates ADOC protocol. (Doc. 1 at 8). According to Scott, inmate Fitts had a prison-made knife

4

and started stabbing Scott, who at the time, was working as segregation runner. (Id. at 5, 8). Scott alleges that when Defendant McKenzie saw the attack, he "hit the code." (Id. at 8). Scott further alleges that Defendant McQuirter and Officer Mitchell responded, and after Defendant McKenzie sprayed mace in inmate Fitts' eyes, they handcuffed inmate Fitts. (Id.). Scott also alleges that Defendant McQuirter and Officer Mitchell were "only allowed" to take inmate Fitts to the medical unit because he was sprayed with mace. (Id. at 8-9). However, Scott asserts that "Officer McQuirter still could have taken [him] to the infirmary." (Id. at 9). According to Scott, Defendant McQuirter "is being sued for deliberate indifference in his individual capacity . . . [and] for unnecessary, wanton infliction of pain and suffering coupled with mental anguish[.]" (Id.).

In Scott's complaint, he alleges that inmate Fitts "started stabbing [him] with" a prison-made knife, but he does not describe any injury he sustained as a result of inmate Fitts' efforts to stab him. (See id. at 8). He further states that Defendant McQuirter was "only allowed" to take inmate Fitts to the infirmary, which indicates that Defendant McQuirter was following orders. (See id. at 8-9).

Although courts must liberally construe *pro se* pleadings and hold them to less stringent standards than formal pleadings drafted

5

by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), this does not give a court license to act as counsel for a party or rewrite an otherwise deficient pleading in order to sustain this action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). Even a *pro se* litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

As best the Court can discern, Scott appears to allege that Defendant McQuirter violated his rights under the Eighth Amendment by denying him medical care. To state an Eighth Amendment violation for the denial of medical care, Scott must show that Defendant McQuirter was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To prevail on such as a claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). The deliberate indifference element of a medical claim requires: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Youmans v. Gagnon, 626 F.3d 557, 564 (11th Cir. 2010) (per curiam) (quotations omitted). A

plaintiff "must demonstrate that a [d]efendant was 'both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also [have] draw[n] the inference.'" Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825 (1994)) (brackets in original).

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Youmans, 626 F.3d at 564 (quotations omitted). Serious medical needs generally "are those requiring immediate medical attention." Id. (quotation omitted).

The allegations in Scott's complaint do not demonstrate that Scott had a serious medical need. While Scott alleges that inmate Fitts "started stabbing" him, he does not allege that he sustained any injuries resulting from the stabbing, nor does he indicate how any such injuries presented themselves to Defendant McQuirter. Additionally, Scott's assertion that Defendant McQuirter was ordered to take only inmate Fitts to the infirmary actually cuts against his assertion that Defendant McQuirter was deliberately indifferent to a medical need. Furthermore, the allegations do not reflect Defendant McQuirter's knowledge of a risk of serious harm to Scott and that he disregarded the risk by conduct that is

7

more than gross negligence. Accordingly, the undersigned finds that Scott has not stated a plausible claim against Defendant McQuirter. Therefore, entry of a default judgment against Defendant McQuirter is not warranted.

In addition, this is not a case in which Defendant McQuirter totally failed to plead or otherwise defend, which is necessary for a default to be entered. See Fed. R. Civ. P. 55(a). As noted *supra*, an answer and special report were filed on behalf of Defendants McKenzie and McQuirter in April 2022 (Docs. 23, 24), although Defendant McQuirter did not amend the pleadings as directed by the Court. Thus, under the circumstances, the undersigned finds that the entry of a default judgment against Defendant McQuirter is inappropriate. See McCorstin v. U.S. Dep't of Labor, 630 F.2d 242, 244 (5th Cir. 1980) (finding that a default judgment was inappropriately entered because an answer had been filed prior to the filing of the motion for default judgment).[3] Moreover, default judgment against Defendant McKenzie is clearly inappropriate given that he timely filed an amended answer and amended special report in compliance with the Court's orders. (See Docs. 28, 29, 30, 32, 33). For these reasons, the undersigned

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

8

recommends that Scott's motion for default judgment against Defendants McKenzie and McQuirter (Doc. 37) be **DENIED**.

The instructions that follow contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **August, 2023.**

                                              **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**