IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES SCOTT, # 199675, | * |
|     Plaintiff, | * |
| | * CIVIL ACTION 1:21-00249-KD-B |
| vs. | * |
| | * |
| LT. MCKENZIE, *et al.*, | * |
|     Defendants. | * |

## ORDER

Plaintiff Charles Scott, an Alabama prison inmate proceeding without an attorney, filed the instant action seeking relief under 42 U.S.C. § 1983. (Doc. 1). This action is now before the Court on the *sua sponte* motion for summary judgment under Federal Rule of Civil Procedure 56(f)(3) in favor of the remaining Defendant, Nathan McQuirter. (See Doc. 54). Plaintiff Scott has filed no objections to the motion. After consideration of all portions of the record relevant to the issues, it is **ORDERED** that summary judgment be **GRANTED** in favor of Defendant Nathan McQuirter, and that this action be **DISMISSED with prejudice** in its entirety.

### I. Procedural Background.

Plaintiff Charles Scott filed this action against Defendants Correctional Lieutenant Brandon McKenzie and Correctional Officer Nathan McQuirter. (Doc. 1). Plaintiff Scott asserted claims under the Eighth Amendment that Defendant McKenzie failed to protect him from being stabbed by another inmate at Holman Correctional Facility, and that Defendants McKenzie and McQuirter were

deliberately indifferent to his medical needs following the stabbing. (Id. at 4-6, 8-9).

Both Defendants waived service of process. (Docs. 17, 18). On April 1, 2022, Defendants McKenzie and McQuirter jointly filed an answer and a supporting special report. (Docs. 23, 24). After Plaintiff Scott subsequently asserted that the subject incident occurred on February 26, 2020 (rather than February 20, 2020, as Defendants believed when they filed their answer and special report), the Court ordered Defendants McKenzie and McQuirter to file an amended answer and an amended special report addressing the correct incident date. (See Docs. 27, 28). On January 13, 2023, Defendant McKenzie[1] filed an amended answer and an amended special report. (Docs. 32, 33). The Court converted Defendant McKenzie's amended answer and amended special report into a motion for summary judgment. (Doc. 39). On December 11, 2023, the Magistrate Judge entered an amended report and recommendation[2]

---

[1] On April 3, 2023, attorney Laura E. Howell was permitted to withdraw as counsel for Defendant McQuirter after he failed to remain in contact following the termination of his employment with the Alabama Department of Corrections. (Doc. 38). Defendant McQuirter never filed an amended answer and amended special report as directed.

[2] The Magistrate Judge withdrew her previous report and recommendation dated December 4, 2023 (Doc. 53) and replaced it with an amended report and recommendation dated December 11, 2023. (See Doc. 54 at 1 n.1).

that summary judgment be granted in favor of Defendant McKenzie. (Doc. 54).

The amended report and recommendation also notified Plaintiff Scott, pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure, of the Magistrate Judge's intention to *sua sponte* recommend summary judgment in favor of the nonresponsive Defendant, Defendant McQuirter, on the sole claim raised against him in this action. (Id. at 2, 29-35). The Magistrate Judge explained in the amended report and recommendation that Plaintiff Scott had presented no facts that would lead to a different disposition of his Eighth Amendment medical claim against Defendant McQuirter as to that against Defendant McKenzie, who was due to be granted summary judgment on all claims raised against him. (Id. at 30-33). Thus, the Magistrate Judge maintained that the Court's analysis of the claim against Defendant McQuirter would be essentially identical to the analysis of Plaintiff Scott's similar claim against Defendant McKenzie, to whom summary judgment was due to be granted. (Id. at 33). The Magistrate Judge also noted that Plaintiff Scott had not stated a plausible Eighth Amendment medical claim against Defendant McQuirter in his complaint. (Id. at 30-31). Plaintiff Scott was notified of the Magistrate Judge's intention to recommend summary judgment in favor of Defendant McQuirter, and her reasoning for so doing. (Id. at 2, 29-33). Plaintiff Scott was instructed that he had fourteen days to

3

object to the amended report and recommendation and show cause in writing why the Court should not enter summary judgment in favor of Defendant McQuirter pursuant to Federal Rule of Civil Procedure 56(f)(3), or the Magistrate Judge would recommend that summary judgment be granted in favor of Defendant McQuirter and a final judgment be entered in this case without trial. (Id. at 33-36).

On January 24, 2024, after receiving no objections from Plaintiff Scott, the Court adopted the amended report and recommendation of the Magistrate Judge. (Doc. 55). To date, Plaintiff Scott has filed no objections to the amended report and recommendation, including the recommendation that summary judgment be entered in favor of Defendant McQuirter.

The Court turns now to the previously noticed *sua sponte* motion for summary judgment in favor of the remaining Defendant, Defendant McQuirter, see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (stating that summary judgment will be entered against a nonmovant "who fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial").

**II.   Summary Judgment Legal Standard.**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is

4

such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). After giving notice and a reasonable time to respond, the court may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). A district court may enter summary judgment *sua sponte* if the parties are given adequate notice that they must present all of their evidence. Flood v. Young Woman's Christian Ass'n of Brunswick, Ga., Inc., 398 F.3d 1261, 1267 (11th Cir. 2005) (citing Celotex, 477 U.S. at 326). Adequate notice exists when an opposing party previously moved for summary judgment on the same claim and the nonmovant is given an opportunity to file briefing and any new evidence before the court. Id.

**III. Analysis.**

As noted *supra*, Plaintiff Scott has not filed any objections to the amended report and recommendation, including the notice of intent to enter summary judgment in favor of Defendant McQuirter. Thus, Plaintiff Scott has presented no new allegations or facts that were not previously considered by the Court in its adoption of the amended report and recommendation dated December 11, 2023. (See Docs. 54, 55). Having provided Plaintiff Scott notice of the motion for summary judgment in the amended report and recommendation dated December 11, 2023, the Court hereby

incorporates by reference and adopts the analysis of the amended report and recommendation (Doc. 54) and **ORDERS** that summary judgment be entered in favor of Defendant Nathan McQuirter pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure, and that this action be **DISMISSED with prejudice** in its entirety.

    **DONE** this the **5th** day of **March 2024.**

                                    **/s/ Kristi K. DuBose**

                                    **KRISTI K. DUBOSE**
                                    **UNITED STATES DISTRICT JUDGE**